IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>SAMUEL A. JOHNSON; TERESA L. JOHNSON; SAMUEL S. JOHNSON; JEAN JOHNSON; NEW HOLLAND CREDIT COMPANY, n/k/a CNH Capital America, LLC; LIVINGSTON STATE BANK; FARMERS SAVINGS BANK; HOMETOWN BANK; and DAVID SCHMITZ DC,<br><br>  Defendants. | Case Number 08-cv-0008-bbc |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above matter coming on to be heard before the above Court, Honorable Barbara B. Crabb, Chief United States District Judge for the Western District of Wisconsin, presiding without a jury, on the 14th day of May, 2008, the plaintiff having appeared by its attorney, the Office of the United States Attorney for the Western District of Wisconsin, and no appearance having been made on behalf of any of the defendants herein except as may be noted on the record; and it appearing by the declaration of Heidi L. Luehring, Assistant United States Attorney, Office of the United States Attorney, on file herein, that all of the defendants are in default, except as may be set forth in said declaration; and it further appearing that due notice of

application for judgment has been made to each of the defendants, and that a certificate of service by mail was filed with the Clerk of the United States District Court for the Western District of Wisconsin; and the Court having heard the testimony and fully advised in the premises, therefore makes and files the following findings of fact and conclusions of law constituting its decision in this action.

### Findings of Fact

1. The allegations of the complaint are proven and true.

2. There is now due and unpaid on said notes, mortgages, security agreements, financing statements, and continuation statement, as of the 14th day of May, 2008, the following sum:

SEE ATTACHMENT "A".

3. No proceedings have been had at law or otherwise for the recovery of the sums secured by said notes, mortgages, security agreements, financing statements, and continuation statement.

4. The real estate is so situated that it can be sold in parcels or as whole without injury to the interest of the parties.

5. The mortgaged premises are described as follows:

SEE ATTACHMENT "B".

6. The mortgaged premises have not been abandoned.

7. Due notice of the pendency of this action was duly filed, after the filing of the complaint herein, on the 16th day of January, 2008, and more than twenty (20)

days prior to the trial of this action, in the Office of the Register of Deeds for Iowa County, Wisconsin, in the manner and form required by law.

8. The plaintiff is entitled to immediate possession of the items of security on which Farm Service Agency, formerly known as Farmers Home Administration, has a security interest, set out in the complaint on file herein, as listed below:

SEE ATTACHMENT "C".

## Conclusions of Law

1. The plaintiff is entitled to judgment of foreclosure and sale in the usual form, as prayed for in the plaintiff's complaint, and in accordance with the above findings of fact.

2. The summons and complaint in the above action was duly served on each of the defendants herein, unless service of the summons was waived, in which case a signed waiver form has been filed with the Court for said defendants, as set forth in the declaration of Heidi L. Luehring, Assistant United States Attorney, Office of the United States Attorney, on file herein; the time for answering said complaint has expired; no answer or other response or appearance has been served on or received by the plaintiff's attorney from or made by any of the defendants, except as may be set forth in the declaration of Heidi L. Luehring, Assistant United States Attorney, Office of the United States Attorney, attorney for the plaintiff.

3. The plaintiff is entitled to recover from the defendants the following sum:

SEE ATTACHMENT "A".

4. The mortgaged premises shall be sold as a whole or in parcels at a public sale, and the items of security (personal property) may be sold individually or as a whole at a public or private sale, at the discretion of the plaintiff.

5. The mortgaged premises have not been abandoned.

6. Deficiency judgment is being sought in this action.

7. Sale of the premises described above shall be conducted by or under the direction of the United States Marshal for the Western District of Wisconsin. Notice of sale shall be made by publication in The Dodgeville Chronicle, a newspaper published in the City of Dodgeville, County of Iowa, State of Wisconsin.

8. Sale of the items of security listed in Attachment C shall be conducted by or under the direction of the United States Marshal for the Western District of Wisconsin or Farm Service Agency.

9. The defendants and their heirs, respectively, and all persons claiming under them or any them, after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged premises and items of security so sold, except defendant Hometown Bank. The plaintiff and said defendant have entered into a Stipulation by which the plaintiff acknowledges the priority interest of the Bank and that the judgment shall be subject to such interest of defendant Hometown Bank.

Now, on application of the Office of the United States Attorney for the Western District of Wisconsin, attorney for the plaintiff,

IT IS ORDERED that judgment of foreclosure and sale of said mortgaged premises and items of security, in the usual form as provided by and in accordance with the above findings of fact and conclusions of law, be entered in this action.

Dated this 14th day of May, 2008.

BY THE COURT:

Barbara B. Crabb
BARBARA B. CRABB
Chief United States District Judge
Western District of Wisconsin

## ATTACHMENT A

<u>UNITED STATES OF AMERICA v. SAMUEL A. JOHNSON, et al.</u>
Case Number 08-cv-0008-bbc

a.  Principal as of May 14, 2008          $48,320.17

b.  Interest as of May 14, 2008           $ 4,462.93

    Total as of May 14, 2008                              $52,783.10

c.  Court Costs and Disbursements:

    (1) Attorney Fees           $   200.00
    (2) Marshal Fees            $     0
    (3) Filing Lis Pendens      $    23.00
    (4) Title Opinion           $    75.00

    Subtotal:                                             $   298.00

**TOTAL AS OF MAY 14, 2008**                              <u>$53,081.10</u>

## ATTACHMENT B

### UNITED STATES OF AMERICA v. SAMUEL A. JOHNSON, et al.
Case Number 08-cv-0008-bbc

Location:   Iowa County, Wisconsin

Legal Description:

A parcel of land located in part of the Northwest ¼ of the Northwest ¼ of Section 16, Township 5 North, Range 1 East, Town of Mifflin, Iowa County, Wisconsin, described as follows: commencing at the N¼ corner of said Section 16; thence N 89°14'30" W, 2083.66 feet to the point of beginning; thence S 02°07'40" E, 260.75 feet; thence N 84°58'53"W, 44.62 feet; thence S 01°51'01" E, 481.60 feet; thence N 89°17'39" W, 102.33; thence N 01°51'02" W, 739.07 feet to a point on the North line of said NW ¼; thence S 89°14'30"E, 145.42 feet to the point of beginning.

## ATTACHMENT C

## UNITED STATES OF AMERICA v. CRAIG A. SKALITZKY, et al.
### Case Number 07-cv-0528-bbc

### LIST OF ITEMS OF SECURITY

A. All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this instrument is signed or otherwise become growing or harvested crops or other plant products (a) within the one-year period or any longer period of years permissible under State law, or (b) at any time after this instrument is signed if no fixed maximum period is prescribed by State law, including the crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1) Farm(s) or Other Real Estate *Owner | (2) Approximate Number of Acres | (3) County and State | (4) Approximate Distance and Direction from a Named Town or other Description |
|---|---|---|---|
| | | IOWA, WI | All crops and/or plant products, wherever grown. |
| Samuel Johnson Sr. | 1 | IOWA, WI | |
| Jim Springer | 85 | IOWA, WI | |
| Tim Goninen | 23 | IOWA, WI | |

Including all entitlements, benefits, and payments from all state and federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all peanut and tobacco poundage allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party;

*Owner shown in related Financing Statement, except if informed of ownership change show reputed new owner.

Page 1 of 3

B. All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of _____:

| (1) Line No. | (2) Quantity | (3) Kind | (4) Manufacturer | (5) Size and Type | (6) Condition | (7) Year of manufacture | (8) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Windrower | JD | 2320 | Good | | |
| 2 | 1 | TRACTOR | JD | 4630 | Good | 1975 | RW46304012172 |
| 3 | 1 | SOIL CULTIVATOR | JD | 960 | Good | | |
| 4 | 1 | COMBINE | JD | 9610 | Exc | 1997 | HO 9600-670-561 |
| 5 | 1 | SOIL SAVER | JD | 1710 | Very Good | | 0001997N |
| 6 | 1 | CORN HEAD | JD | 444 | Good | | |
| 7 | 1 | CORN HEAD | JD | 693 | Good | | |
| 8 | 1 | GRAIN CART | EZ Flow | 510 | New | | |
| 9 | 1 | FLEX HEAD | JD | 920F | Exc | | |
| 10 | 2 | HEAD MOVER CART | MINN RUNNING GEAR | | Good | | |
| 11 | 1 | OAT HEAD | JD | 216 RIGID | Good | | |
| 12 | 1 | CRUMBLER - 1/2 INT W/DAD | DMI | 24' | Good | | |

(9) Including the following described fixtures which are affixed or are to be affixed to real estate; as-extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows *(include legal description of the land)*:

Page 2 of 3

C. All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) _____ :

| (1) Line No. | (2) Quantity | (3) Kind-sex | (4) Breed | (5) Color | (6) Weight, average weight | (7) Age or age range | (8) Brands or other identification |
|---|---|---|---|---|---|---|---|
| 1 | 2 | Dairy Cattle - Calves - Heifer | Brown Swiss | Brown | | 0-12 | |
| 2 | 1 | Dairy Cattle-Brdg. - Heifers - Bred | Hols X | Black and White | | 18-24 | |
| 3 | 5 | Livestock-Other - HEIFERS | HOLSTEIN | B&W | | 18-24 | |
| 4 | 5 | Livestock-Other - HEIFER CALVES | HOLSTEIN | B&W | | 0-12 | |
| 5 | 15 | Livestock-Other - DAIRY COWS | HOLSTEIN | B&W | | 3-5YR | |
| 6 | 3 | Livestock-Other - COWS | BROWN SWISS | BROWN | | 3-5YR | |

D. All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including, but not limited to the following:

Page 3 of 3