IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAMUEL A. JOHNSON; TERESA L. | ) |
| JOHNSON; SAMUEL S. JOHNSON; | ) |
| JEAN JOHNSON; NEW HOLLAND | )   Case Number 08-cv-0008-bbc |
| CREDIT COMPANY, n/k/a CNH | ) |
| Capital America, LLC; LIVINGSTON | ) |
| STATE BANK; FARMERS SAVINGS | ) |
| BANK; HOMETOWN BANK; and | ) |
| DAVID SCHMITZ DC, | ) |
| | ) |
| Defendants. | ) |

## JUDGMENT OF FORECLOSURE AND SALE

The above action coming on to be heard on the 14th day of May, 2008, the

Office of the United States Attorney for the Western District of Wisconsin, appearing for

the plaintiff, and due proof having been made and filed showing service of the

summons and complaint herein on all of the defendants, unless service of the summons

was waived, in which case a signed waiver form has been filed with the court for said

defendants, and it appearing by the declaration of Heidi L. Luehring, Assistant

United States Attorney, Office of the United States Attorney for the Western District of

Wisconsin, that the time for answering the complaint has expired, that no answer or

other response has been served upon or received by the plaintiff's attorney from any of

the defendants, except as may be set forth in the declaration of Heidi L. Luehring,

Assistant United States Attorney, Office of the United States Attorney, attorney for the

plaintiff, and that notice of application for judgment was mailed to each of the

defendants herein, and a certificate of service by mail was filed with the Clerk of the

United States District Court for the Western District of Wisconsin; and it further

appearing by due proof that due notice of the pendency of this action was duly filed in

the Office of the Register of Deeds for Iowa County, Wisconsin, on the 16th day of

January, 2008, said notice being filed subsequent to the filing of the complaint herein in

the Office of the Clerk of this Court, and more than twenty (20) days prior to the trial of

this action; and proofs of the matters and things alleged in the complaint and the

computation of the amounts due the plaintiff having been duly taken in open court, and

the Court having filed its Findings of Fact and Conclusions of Law;

Now therefore, on application of the Office of the United States Attorney,

attorney for the plaintiff,

### Real Estate

IT IS HEREBY ORDERED that there is now due and owing to the plaintiff as

of and including the 14th day of May, 2008, the following sum:

SEE ATTACHMENT "A".

IT IS FURTHER ORDERED that the mortgaged premises are located in the

County of Iowa, State of Wisconsin, and described as follows:

SEE ATTACHMENT "B"

2

that it may be sold in parcels or as a whole at public auction in the County of Iowa,
State of Wisconsin, by or under the direction of the United States Marshal for the
Western District of Wisconsin,

IT IS FURTHER ORDERED that in case of sale pursuant hereto, the
United States Marshal shall give public notice of the time and place of such sale in the
manner provided by law, and that publication of said notice be made in The Dodgeville
Chronicle, a newspaper published in the City of Dodgeville, County of Iowa, State of
Wisconsin; that the Marshal shall allow either or any of the parties to this action to
purchase at such sale the above-described premises; that the Marshal shall file with the
Clerk of this Court his report of said sale, and shall also immediately after said sale
deposit the proceeds thereof, after deducting the costs and expenses of the sale unless
otherwise ordered by the Court; that said United States Marshal may accept from the
purchaser at such sale, as a deposit or down payment upon the same, not less than ten
percent (10%) of the purchase price, in which case such amount shall be so deposited as
above provided, and the balance of the sale price shall be paid to the United States
Marshal's Service by said purchaser at such sale, upon confirmation thereof, except that
if the plaintiff be the successful bidder at such sale, the said United States Marshal may
take the receipt of the plaintiff in lieu of said cash payment; that the Marshal, upon
compliance on the part of the purchaser with the terms of such sale as required by law,
shall make and execute to said purchaser a deed to the premises so sold, as above
described, stating the price paid therefor; that the United States Marshal shall deliver
such deed to said purchaser, upon compliance by said purchaser with the terms of such

3

sale, and the payment by him of any balance of the sale price to be paid; that the
United States Marshal shall thereupon pay from the proceeds of said sale all claims
superior to the plaintiff as determined by the Court and to the plaintiff the sum of:

SEE ATTACHMENT "A"

the amount of said judgment, together with interest on all of said sums at the rate of one
and ninety four-hundredths percent (1.94%) per annum from the date hereof, or so
much thereof as the monies derived from the sale of said premises will pay the same,
and take receipts therefor; and that the surplus money, if any, shall be subject to the
further order of the Court.

IT IS FURTHER ORDERED that if the proceeds of such sale be insufficient to
pay the amounts aforesaid, said United States Marshal shall specify the amount of said
deficiency in his report of sale.  Deficiency judgment is being sought herein.

IT IS FURTHER ORDERED that upon confirmation of sale of the mortgaged
premises, the purchaser or purchasers, or his or their heirs, representatives or assigns,
be let into possession of the premises sold, upon production of the Marshal's deed
thereto or duly authenticated copy thereof; that each and every one of the parties to this
action who may be in possession of said premises, and every other person who since the
filing of notice of the pendency of this action has come into possession of the same or
any part thereof under them or either of them shall deliver to such grantee or grantees
named in such deed possession of the mortgaged premises, and that a writ of assistance
issue if necessary to secure such possession.

4

IT IS FURTHER ORDERED that the defendants and each of them, their heirs, successors and assigns, and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged premises, except defendant Hometown Bank. The plaintiff and said defendant have entered into a Stipulation by which the plaintiff acknowledges the priority interest of the Bank. and that the judgment shall be subject to such interest of defendant Hometown Bank.

IT IS FURTHER ORDERED that the plaintiff may pay any taxes or insurance premiums on said mortgaged premises now due or which shall hereafter become due before the sale thereof and have a lien on said premises for the amount so paid with interest thereon from date of payment of one and ninety four-hundredths percent (1.94%) per annum; and that in the event any such payments are made, the plaintiff may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of said mortgaged premises.

IT IS FURTHER ORDERED that the defendants and all persons claiming under them be and they are hereby enjoined from committing waste upon said mortgaged premises and from doing any other act that may impair the value of the same.

5

**Chattels**

1.      IT IS HEREBY ORDERED that there is now due and owing to the

plaintiff as of the 14th day of May, 2008, under the provisions of the promissory notes

and security agreements the following amounts:

SEE ATTACHMENT "A".

2.      IT IS FURTHER ORDERED that the plaintiff is entitled to immediate

possession of the items of security on which Farm Service Agency, formerly known as

Farmers Home Administration, has a first security interest, set out in the complaint on

file herein, as listed below:

SEE ATTACHMENT "C".

3.      IT IS FURTHER ORDERED that the plaintiff may exercise its right to

have execution issued and require the United States Marshal to take possession of said

items of security at any time after the date of this judgment, and deliver the items of

security to the plaintiff, and that a writ of execution issue if necessary to secure such

possession.

4.      IT IS FURTHER ORDERED that these items of security, described in

paragraph 2 above, may be sold individually or as a whole at public sale or private sale

by or under the direction of the United States Marshal or Farm Service Agency.

5.      IT IS FURTHER ORDERED that if these items of security, described in

paragraph 2 above, are sold, the United States shall deposit the proceeds thereof, after

deducting the costs and expenses of the sale, and unless otherwise ordered by the

6

Court, the United States shall thereupon pay from the proceeds of said sale all claims superior to the plaintiff as determined by the Court and to the plaintiff to the sum of:

SEE ATTACHMENT "A"

the amount of said judgment, together with interest on all of said sums at the rate of one and ninety four-hundredths percent (1.94%) per annum from the date hereof, or so much thereof as the monies derived from the sale of said items of security will pay the same, and take receipts therefor; that the surplus money, if any, shall be subject to the further order of the Court.

6. IT IS FURTHER ORDERED that if the proceeds from the sale of the items of security, together with the proceeds from the sale of the real estate, be insufficient to pay the amounts aforesaid, then the United States may report the amount of the deficiency to the Court. Deficiency judgment is being sought herein.

7. IT IS FURTHER ORDERED that the defendants, their heirs, successors or assigns, and all persons claiming under them, be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged collateral.

8. IT IS FURTHER ORDERED that the defendants and all persons claiming under them be and they are hereby enjoined from doing any act that may impair the value of the mortgaged collateral.

7

Dated this _14th_ day of May, 2008.

BY THE COURT:

Barbara B. Crabb

BARBARA B. CRABB
Chief United States District Judge
Western District of Wisconsin

Entered at Madison, Wisconsin, this _14th_ day of May, 2008.

By: L. Jensen, Deputy Clerk
THERESA M. OWENS
Clerk of Court
United States District Court
Western District of Wisconsin

8

**ATTACHMENT A**

UNITED STATES OF AMERICA v. SAMUEL A. JOHNSON, et al.
Case Number 08-cv-0008-bbc

a.   Principal as of May 14, 2008          $48,320.17

b.   Interest as of May 14, 2008          $ 4,462.93

     Total as of May 14, 2008                         $52,783.10

c.   Court Costs and Disbursements:

|     |                     |    |        |
|-----|---------------------|----|--------|
| (1) | Attorney Fees       | $  | 200.00 |
| (2) | Marshal Fees        | $  | 0      |
| (3) | Filing Lis Pendens  | $  | 23.00  |
| (4) | Title Opinion       | $  | 75.00  |

     Subtotal:                              $    298.00

          **TOTAL AS OF MAY 14, 2008**              **$53,081.10**

**ATTACHMENT B**

UNITED STATES OF AMERICA v. SAMUEL A. JOHNSON, et al.
Case Number 08-cv-0008-bbc

Location:      Iowa County, Wisconsin

Legal Description:

A parcel of land located in part of the Northwest ¼ of the
Northwest ¼ of Section 16, Township 5 North, Range 1 East,
Town of Mifflin, Iowa County, Wisconsin, described as follows:
commencing at the N¼ corner of said Section 16; thence N
89°14'30" W, 2083.66 feet to the point of beginning; thence S
02°07'40" E, 260.75 feet; thence N 84°58'53"W, 44.62 feet;
thence S 01°51'01" E, 481.60 feet; thence N 89°17'39" W,
102.33; thence N 01°51'02" W, 739.07 feet to a point on the
North line of said NW ¼; thence S 89°14'30"E, 145.42 feet to
the point of beginning.

## ATTACHMENT C

## UNITED STATES OF AMERICA v. CRAIG A. SKALITZKY, et al.
### Case Number 07-cv-0528-bbc

### LIST OF ITEMS OF SECURITY

A. All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this instrument is signed or otherwise become growing or harvested crops or other plant products (a) within the one-year period or any longer period of years permissible under State law, or (b) at any time after this instrument is signed if no fixed maximum period is prescribed by State law, including the crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1)<br>Farm(s) or Other Real Estate<br>*Owner | (2)<br>Approximate Number of<br>Acres | (3)<br>County and<br>State | (4)<br>Approximate Distance and<br>Direction from a Named<br>Town or other Description |
|---|---|---|---|
| | | IOWA, WI | All crops and/or plant products, wherever grown. |
| Samuel Johnson Sr. | 1 | IOWA, WI | |
| Jim Springer | 85 | IOWA, WI | |
| Tim Goninen | 23 | IOWA, WI | |

Including all entitlements, benefits, and payments from all state and federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all peanut and tobacco poundage allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party;

**\*Owner shown in related Financing Statement, except if informed of ownership change show reputed new owner.**

B.   All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of _____:

| (1) Line No. | (2) Quantity | (3) Kind | (4) Manufacturer | (5) Size and Type | (6) Condition | (7) Year of manufacture | (8) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Windrower | JD | 2320 | Good | | |
| 2 | 1 | TRACTOR | JD | 4630 | Good | 1975 | RW46304012172 |
| 3 | 1 | SOIL CULTIVATOR | JD | 960 | Good | | |
| 4 | 1 | COMBINE | JD | 9610 | Exc | 1997 | HO 9600-670-561 |
| 5 | 1 | SOIL SAVER | JD | 1710 | Very Good | | 0001997N |
| 6 | 1 | CORN HEAD | JD | 444 | Good | | |
| 7 | 1 | CORN HEAD | JD | 693 | Good | | |
| 8 | 1 | GRAIN CART | EZ Flow | 510 | New | | |
| 9 | 1 | FLEX HEAD | JD | 920F | Exc | | |
| 10 | 2 | HEAD MOVER CART | MINN RUNNING GEAR | | Good | | |
| 11 | 1 | OAT HEAD | JD | 216 RIGID | Good | | |
| 12 | 1 | CRUMBLER - 1/2 INT W/DAD | DMI | 24' | Good | | |

(9) Including the following described fixtures which are affixed or are to be affixed to real estate; as-extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows *(include legal description of the land):*

Page 2 of 3

C. All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) _____ :

| (1) Line No. | (2) Quantity | (3) Kind-sex | (4) Breed | (5) Color | (6) Weight, average weight | (7) Age or age range | (8) Brands or other identification |
|---|---|---|---|---|---|---|---|
| 1 | 2 | Dairy Cattle - Calves - Heifer | Brown Swiss | Brown | | 0-12 | |
| 2 | 1 | Dairy Cattle-Brdg. - Heifers - Bred | Hols X | Black and White | | 18-24 | |
| 3 | 5 | Livestock-Other - HEIFERS | HOLSTEIN | B&W | | 18-24 | |
| 4 | 5 | Livestock-Other - HEIFER CALVES | HOLSTEIN | B&W | | 0-12 | |
| 5 | 15 | Livestock-Other - DAIRY COWS | HOLSTEIN | B&W | | 3-5YR | |
| 6 | 3 | Livestock-Other - COWS | BROWN SWISS | BROWN | | 3-5YR | |

D. All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including, but not limited to the following:

Page 3 of 3